CLINTON E. ATWATER and others *vs.* JAMES K. KIN-
MAN and others·

Where no preliminary order is required, it is not necessary that bills should be sworn to, al-
though the answer under oath is not waived.

Where, in a foreclosure of a mortgage, by advertisement under the statute, a mistake occurs,
which renders the proceedings irregular and voidable, the mortgagee has a right to waive
those proceedings, and commence *de novo*, either by advertisement under the statute, or may
avail himself of the right he had in the first instance, to seek his remedy in this court.

1841.
Second Cir-
cuit.

Atwater
*vs.*
Kinman.

January 16.

This was a bill to foreclose a mortgage, and states, that about May 28, 1838, Carl Brockhousen and wife, executed a mortgage to Clinton E. Atwater and Henry A. Delavan, the complainants, (to secure the payment of four hundred dollars, in six months from date,) on the south-west quarter of the northeast fractional quarter of section two, in township six, south of range three west, containing forty acres; also, the northeast quarter of the south-west quarter of section number two, aforesaid, containing forty acres; that the mortgage was duly recorded, &c. The bill is in the usual form for a foreclosure, and does not waive the necessity of the defendants' answering on oath. It further states, that, from the examination of the records, it appears that James K. Kinman had purchased the said mortgaged premises for the sum of twelve hundred dollars, and received a deed for the same, about March 28, 1839, which deed was on record.

The bill further states, that complainants had foreclosed their mortgage by advertisement under the statute, and that the mortgaged premises were sold, under such advertisement, April 9, 1839. at the court house in the county of Hillsdale, where the mortgaged premises were situated, by the sheriff of said county, and bid in by Salem T. King, agent and attorney for complainants, for the sum of four hundred and forty-seven dollars and sixty-three cents; that the usual certificate had been given by the sheriff, which certificate, affidavits of publication, &c., were duly recorded.

That complainants had subsequently ascertained, that the

Second Circuit.

Atwater
vs.
Kinman.

sale was irregular, in as much as both lots were sold together, instead of being sold separately, pursuant to the provisions of the statute.

The bill further states, that Kinman had declared the sale to be irregular, and that complainants would be compelled to foreclose again, and that he had given complainants to understand, that he should disregard the sale entirely, and that complainants are apprehensive that if the sale should be considered voidable only, and liable to be made good by the acquiescence of the parties, yet, that the defendants would refuse to redeem the said premises, and that they would contest any proceedings at law, to obtain possession of said premises.

The defendants demur.

LEE and PRATT, in support of the demurrer.

1. Complainants' bill is not sworn to by complainants, their agent, attorney, or solicitor, nor the answer of the defendants on oath waived; the demurrer, therefore, is well taken. This point is settled by the thirteenth rule of this court. It is also well established by the practice and decisions of the court of chancery. *Lansing* vs. *Pine*, 4 *Paige Ch. R.*, 639.

2. If the bill filed was verified by the oath of complainants, or any other person, the defendants were not bound to look beyond the copy of the bill served on their solicitor. *Lansing* vs. *Pine*, 4 *Paige Ch. R.*, 639.

3. In the first place, the complainants had their election to foreclose their mortgage at law or in equity, and having made their election and foreclosed at law, sold and bid in the premises; they cannot now foreclose again in this court.

4. The complainants have not made such a case, upon the face of their bill, as entitles them to any relief in this court. The complainants do not ask to have their foreclosure at law, set aside at their own expense; nor does it appear that the complainants have ever asked the defendants to waive, or in any way release any error in the proceeding at law. Nor does it appear, but that the defendants would have been willing, at

any time, to have released any error, if desired or requested.
Nor does it appear, but that the defendants intend, in good
faith, to pay up the mortgage and redeem the premises, before
the time for the redemption expires.

5. If there was an error in the proceeding to foreclose at law, it does not render the foreclosure void; at most, the proceedings are only voidable; and, therefore, until the defendants take some steps, to avoid the validity of the foreclosure and sale, the complainants cannot, in equity, ask permission of this court to avoid their own proceedings. A foreclosure at law is in the nature of a judicial proceeding, or any other proceeding at law.

A *bona fide* purchaser under a judicial or other sale at law, is always protected, where there is jurisdiction. And this question is fully settled in the case of the *American Insurance Co.* vs. *Fisk,* 1 *Paige Ch. R.,* 90; and in which case the bill was dismissed by the chancellor on that ground.

George C. Gibbs, for complainants.

The Chancellor. Where no preliminary order is required, it is not necessary that bills should be sworn to, although the answer under oath is not waived. This is not required by the English practice, or by the rules of this court, as they now stand.

As to the other point raised by the demurrer, it is alledged that, in the proceedings to foreclose under the statute by advertisement, a mistake occurred, which renders the proceedings irregular and voidable.

It would certainly be in the power of the mortgagee to waive those proceedings and commence *de novo,* under the statute. And this being undoubtedly competent, I can see no reason why he may not avail himself of the right he had in the first instance, and seek his remedy in this court. If he seeks his remedy here, he of course waives the proceeding under the statute, and all claim for costs under that proceeding.

I can see no reason for the argument, that, by first proceed-

ing under the statute, which proceeding, by mistake or accident, is inoperative or void, that the party has made his election, and cannot have relief here.

The demurrer must be overruled with costs.